UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-1522 NCC |
| ) | |
| SENATOR FOR MISSOURI, et al, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Joseph Michael Devon Engel (registration no. 1069055), an inmate at Missouri Eastern Correctional Center (MECC), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause

of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff, Joseph Michael Devon Engel, an inmate at MECC in Pacific, Missouri, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. He filed the instant action on October 21, 2020, and he brings allegations against thirteen (13) defendants in this case: Senator for Missouri; the Governor of Missouri; Lieutenant Governor of Missouri; Missouri Attorney General; Missouri Assistant Attorney General; the FBI; the Director of the FBI; Jefferson County Prosecutor's Office; Jefferson County Sheriff's Office; Jefferson County Sheriff Unknown Boyer; Jefferson County Captain; Jefferson County Lieutenant; Jefferson County Copper.

Plaintiff's complaint is nine (9) pages long. It is difficult to read and only partially on a court-provided form. Plaintiff states that in 2002, he was subject to a manhunt for Shawn Hornbeck. He does not state who led the manhunt, only that he was beat up by some unnamed person in his mother's apartment. He claims that eventually he was locked up in prison, his "life was in danger" and he was "stabbed." Plaintiff does not indicate how any of the alleged defendants are related to these factual occurrences or how or why these incidents allegedly occurred.

Plaintiff insists that since he was placed in prison he has been "mind raped," had anxiety, post-traumatic stress disorder, back problems, nightmares, been subject to harassment, gotten more time for "helping someone" and gotten a bad name.

In addition to the nine (9) page complaint, plaintiff has filed an additional twenty-three (23) page disjointed, stream of conscious narration that forms no legal theory. However, he seeks well over a trillion dollars from the thirteen named defendants.[1]

Plaintiff asserts that he was a "sovereign citizen in the Great State of Alaska." He claims that during his time in prison he has seen, "stabbings," "rapes," "mind rapes," "cruel and unusual punishment violations," "assaults," "safety violations," "riots covered up," "torture," and "use of force." However, plaintiff does not indicate that any of these occurrences form the basis of the present action.[2] Most importantly, he does not indicate that he has been harmed.

Plaintiff states that he would like to see smoking allowed back into the Department of Corrections. He would also like to be allowed a "tablet in the hole," as well as a "full canteen or limited to some food."

He further claims that he got upset when he looked out his window from "the hole," or Administrative Segregation, and he saw one man fighting another man in his cell. He claims that he saw one of the men beat the other man's head on the ground in the cell. The man then got on the bunk and jumped on the other man's head. Plaintiff claims that he saw blood all over the floor of the cell where the two men were fighting and "everyone hit the button but no one came for like an hour." Plaintiff does not indicate when this incident allegedly occurred or in what prison it

---

[1] In some places in his complaint he states that he is seeking over a billion dollars from each defendant. In other places in the complaint, plaintiff requests specific relief totaling over a trillion dollars from each defendant.

[2] Plaintiff does make the conclusory statement that he was "stabbed by his eye and in his leg." However, he does not state when this occurred or provide any additional facts relative to this statement in his complaint. These allegations do not appear to form the basis of his claims in this action.

occurred. He does state, generally, that the events giving rise to the claim occurred sometime between 2003 and 2008.[3]

Plaintiff asserts that later that same week he saw men stick a "stinger" in a man's behind after "they raped him." Plaintiff claims that after seeing these incidents it has affected him.

Plaintiff states that "mind raping" has taken place at the prison. He claims that the prison has "covered up" rapes, murders, stabbings and beatings.

Plaintiff asserts that he is seeking: $1 trillion dollars for "mind raping"; $900 billion from the Missouri Attorney General; $800 billion from the Jefferson County Prosecutor's Office; $700 billion from the Jefferson County Sheriff's Office; $900 billion from the FBI; 10,000 stocks in a myriad of "U.S. Top Stocks" including Bit Coin, Crypto, GMC, .

## Discussion

In his complaint and brief, plaintiff makes generalized objections about his time at the Missouri Department of Corrections. For the reasons discussed below, his action must be dismissed for lack of standing and because he has failed to state a claim.

### A. Lack of Standing

Plaintiff's complaint must be dismissed because he has not established that he has standing to sue. "Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Frost v. Sioux City, Iowa*, 920 F.3d 1158, 1161 (8th Cir. 2019) (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013)). Thus, "before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). *See also*

---

[3]Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4).

*Auer v. Trans Union, LLC*, 902 F.3d 873, 876-77 (8th Cir. 2018) (stating that "if a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction").

The requirement of standing limits the category of litigants who are empowered to maintain a lawsuit in federal court to seek redress for a legal wrong. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). To establish constitutional standing, a plaintiff must demonstrate three elements: (1) that he suffered an injury in fact, which is "an invasion of a legally protected interest which is (a) concrete and particularized…and (b) actual or imminent, not conjectural or hypothetical;" (2) a causal connection between the injury and the conduct complained of; and (3) that it is likely, as opposed to speculative, that a favorable decision will redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Plaintiff has not alleged facts sufficient to show that he has standing. His complaint and brief consist of complaints of violations of others' federal civil rights. At no point, however, does plaintiff allege that he has been personally injured or his rights have been violated. Thus, he has failed to establish the first element of standing, which is an "injury in fact" that is "concrete and particularized." Because he has not alleged an injury in fact, he obviously cannot demonstrate the second or third elements of standing either. Without standing to sue, the Court does not have subject matter jurisdiction over plaintiff's case, and the complaint must be dismissed.

### B. Failure to State a Claim

Additionally, plaintiff's claims against the State entities, including the Missouri Governor, the Missouri Attorney General, the Director of the Missouri Department of Corrections and the Southeast Corrections Center are barred by the Eleventh Amendment.

In the absence of a waiver, the Eleventh Amendment[4] bars a § 1983 suit against a state entity or an individual employed by the state in his official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Accordingly, to the extent plaintiff seeks monetary damages against the defendants, his official-capacity claims are barred by the Eleventh Amendment and will be dismissed. *Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment.").

Similarly, plaintiff's claims against the FBI and the FBI Director, are also subject to dismissal. Plaintiff has not articulated any claims against these entities. Additionally, a plaintiff may not directly sue the FBI; his sole remedy is a Federal Tort Claims Act ("FTCA") action against the United States. *See Sullivan v. United States*, 21 F.3d 198, 203 (7th Cir.1994). Plaintiff, however, does not allege that he presented his claim against FBI to the appropriate judicial agency and that the claim was denied, a jurisdictional prerequisite to filing suit in United States District Court under the FTCA. *See* 28 U.S.C. § 2675(a); *Farmer's State Sav. Bank v. Farmers Home Admin.*, 866 F.2d 276, 277 (8th Cir. 1989).

Moreover, plaintiff has not articulated a custom or policy claim against Jefferson County, thus his claims against the Jefferson County defendants are also subject to dismissal. To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Jefferson County was responsible for

---

[4]The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI.

the alleged violations of plaintiff's constitutional rights. Thus, his claims against the Jefferson County defendants fail to state a claim for relief.

Last, as noted above, to the extent plaintiff has standing in this action and to the extent he could bring a claim against defendants, his claims would still be subject to dismissal. Plaintiff has indicated his claims arose sometime between 2003 and 2008. Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *Sulik v. Taney County, Mo.,* 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Thus, his claims would be time-barred.[5]

## C. Maliciousness

This action is subject to dismissal because it is malicious. Since filing this action, plaintiff has submitted to this Court an astonishing number of complaints seeking to bring civil rights actions against these defendants and others. Plaintiff submits the pleadings in bulk, and he specifies that he intends each set of pleadings to be docketed as an individual civil action. The nature of those pleadings and plaintiff's claims for damages are roughly the same as those in the instant action. It therefore appears that this action is part of an attempt to harass these defendants and others by bringing repetitious lawsuits, not a legitimate attempt to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *see also In re Tyler,* 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits).

---

[5]The Court additionally finds that plaintiff's claims lack an arguable basis in either law or fact and are frivolous. His claims appear "fanciful," "fantastic," and "delusional." *See Denton* at 32-33 (quoting *Neitzke,* 490 U.S. at 325, 327). Thus, the Court finds that plaintiff's complaint is frivolous and fails to state viable legal claims. In support of this finding, the Court notes that plaintiff has filed more than 100 cases in this Court.

Having considered the instant complaint and plaintiff's history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit plaintiff leave to file an amended complaint. The Court will therefore dismiss this action pursuant to 28 U.S.C. § 1915(e)(2). As this Court has previously warned in plaintiff's other lawsuits, plaintiff is cautioned to avoid the practice of repeatedly filing meritless lawsuits.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED AS MOOT.**

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 31st day of March, 2021.

Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE